United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAI LESHNE,

    Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES LLC, et al.,

    Defendants.

Case No. 24-cv-01616-RS

**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT**

    Plaintiff Kai Leshne, appearing *in pro se*, has filed a 56-page complaint against Bank of America Corporation, Equifax Information Services LLC, Experian Information Services Inc., and TransUnion LLC, alleging three claims for relief, all under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). The complaint is not a model of the "short and plain statement of the claim showing that the pleader is entitled to relief" contemplated by Rule 8 of the Federal Rules of Civil Procedure. It includes substantial argument and other material, such as citations to purported evidence, that is at minimum unnecessary, and in many instances likely is improper.

    The complaint, however, is presented with reasonable clarity, including sections plainly labeled to address each defendant separately, identification of specific credit report information Leshne contends is incorrect, and description of efforts he allegedly made to resolve the situation prior to filing suit.

    Defendant Experian has answered the complaint. Defendant Equifax has filed a notice that it has reached a settlement with Leshne, and that a dismissal as to it is forthcoming. Defendant

1  Bank of America has not yet appeared. Defendant Transunion has filed a motion for a more
2  definite statement. Pursuant to Civil Local Rule 7-1(b), that motion is suitable for disposition
3  without oral argument, and the hearing set for May 30, 2024, is vacated.

4      Transunion's argument that a more definite statement should be provided is not persuasive.
5  Although the complaint includes extraneous matter, the basics of the claim are sufficiently clear to
6  permit Transunion to frame a response. It may be tedious to address an overlong and repetitive
7  complaint, but Transunion has not shown the complaint is so uncertain, unintelligible, or
8  ambiguous, as to require re-pleading.[1] There is no reason to believe the complaint fails to state a
9  claim.

10     While Transunion is not obligated to follow the lead of Experian, the fact that Experian
11 was able to file an answer that appears to be appropriate and fully protective of its rights to defend
12 against Leshne's claims, undermines Transunion's contention that it cannot be expected to answer
13 the complaint in its present form. The motion for a more definite statement is denied. Transunion
14 shall file an answer to the complaint within 20 days of the date of this order.

16 **IT IS SO ORDERED**.

18 Dated: May 16, 2024

                                              RICHARD SEEBORG
                                              Chief United States District Judge

---

[1] Transunion objects to the fact the complaint begins with pages numbered i through vii containing unnumbered paragraphs. Transunion may, at its election, decline to respond to those pages individually, noting instead that, by Leshne's own characterizations, they contain only a table of contents, "preliminary statements," and a "summary of allegations." Alternatively, Transunion may follow Experian's example as to how those paragraphs can be identified in its answer notwithstanding the lack of paragraph numbers in the complaint.